In re Aurendina G. VEIGA, Associate Magistrate, Rhode Island Traffic Tribunal.

No. 2003-642-M.P.

Supreme Court of Rhode Island.

May 6, 2005.

Renn Olenn.

David Curtin.

ORDER

On March 3, 2005, the respondent, Aurendina G. Veiga, an Associate Magistrate of the Rhode Island Traffic Tribunal, was declared in contempt of an Order of the Supreme Court for failure to comply with this Court's December 22, 2003 Order of Discipline. In its finding of contempt, this Court declared that respondent acted in reckless disregard of her obligation to comply with an Order of Discipline and that "her lack of insight into the reason for the imposition of discipline, * * * and her excuses for noncompliance are contumacious and call into question her fitness for judicial office." The case was remanded to the Commission on Judicial Tenure and Discipline (commission) for a recommendation of further discipline, not excluding suspension or removal from office.

In accordance with our Order, on March 21, 2005, the commission conducted a public hearing, at which respondent appeared with counsel, and presented the testimony of numerous testimonial witnesses and other documentary evidence. On March 30, 2005, the commission filed its recommendation with this Court. By a vote of eight to one, the commission recommended the following:

"1. Respondent be suspended without pay for 120 days;

"2. Within the 120 days, respondent be required to complete the twenty (20) CLE credit hours on the topics of judicial and legal ethics as originally ordered by this Court on December 22, 2003;

"3. Respondent be ordered to submit to the Supreme Court within thirty (30) days a plan as to how the twenty (20) CLE credit hours will be fulfilled;

"4. If respondent fails to meet any of these conditions, respondent will be ordered to appear before the Supreme Court, without further review by the commission, to show cause as to why she should not be removed from office."

The respondent was directed to appear before this Court in conference on April 28, 2005, and show cause why this Court should not impose the commission's Recommended Sanction. The respondent was further directed to file a written response to the commission's Recommended Sanction on or before April 25, 2005. A response to the Recommended Sanction was filed with this Court on April 25, 2005.

However, on April 22, 2005, the Supreme Court was advised by the commission of yet another alleged violation of the Cannons of Judicial Ethics, based on respondent's failure to satisfy a check, in the amount of $567.10, written on December 21, 2003, that was returned due to insufficient funds. On February 23, 2005, the commission notified respondent of its determination that the charges were supported by substantial evidence. The commission granted respondent's request for additional time to answer the Notice of

Charges. Therefore, the public hearing has not been held as of this date.

Although the respondent was notified of these most recent allegations on or about February 23, 2005, she failed to disclose this fact to the Supreme Court.[1] However, appended to her written response to this Court is a receipt reflecting that on April 25, 2005, respondent made restitution on the check.

Having been notified of additional allegations of judicial misconduct, this Court shall defer deciding whether to accept or reject the commission's Recommended Sanction until the commission has concluded its deliberations respecting the additional charges and has made another recommmendation to this Court.

Based on the finding of contempt and the fact that additional, but heretofore undisclosed, allegations that respondent violated the Canons of Judicial Ethics are pending before the commission, the respondent is suspended from her judicial duties, without pay, until further notice from this Court.

Lastly, respondent's request that her bank account and social security number be redacted from her written filings with this Court is granted. The Supreme Court Clerk shall assist counsel for respondent with this request.

Accordingly, this case is remanded to the Commission on Judicial Tenure and Discipline for further proceedings. The Court requests the commission to resolve these allegations as expeditiously as possible and shall defer passing upon the commission's recommendations until there has been a determination of this latest charge.

---

1. The Court is satisfied that at the time of respondent's appearance on March 3, 2005, respondent's counsel was unaware of this latest complaint.